## ALLEN BLOOD & wife *vs.* DAVID RIDEOUT.

On the trial of a real action, after the demandant had given evidence tending to show that the tenant's deed of the demanded premises was not given to him on any pecuniary consideration, the tenant offered in evidence his attested note, given to his grantor a few weeks after the execution of the deed, and the testimony of the attesting witness, that when the note was given, he understood

from the conversation between the grantor and the tenant, that it was given on account of a mortgage on the demanded premises, and to pay the grantor's debts, and that, when the note should be paid, the tenant was to have the demanded premises. *Held*, that this evidence was admissible, as part of the *res gesta.*

A. conveyed land to B., reserving to himself a life estate therein: B.'s reversion was sold after his decease, and A. afterwards became the grantee thereof: A. then conveyed a part of said land, together with other land, to R. in fee, for the alleged consideration of $2000, and R. at the same time gave back a lease to A. of all the land so conveyed, for A.'s life: In a real action, brought by B.'s heirs, to recover of R. the land that once was B.'s, one question was, whether R. paid any pecuni ary consideration therefor: R. gave in evidence a note given by him to A. for $700, and also introduced evidence tending to show that the note was given in payment for the land conveyed to him by A. *Held*, that B.'s heirs could not give evidence of the value of the land, at the time when A. conveyed it to R. for the purpose of warranting the jury to infer that said note was given for A.'s life estate, and not for the whole fee simple.

THIS was a writ of entry, to recover a parcel of the estate which was sold by Silas Blood, sen. administrator of the estate of Silas Blood, jr. as is fully stated in the next preceding case of *Blood & wife* v. *Hayman*, (*ante*, 231.) The present case was tried before *Shaw*, C. J. and the demandants proceeded on the same ground as in the preceding case, namely; *first*, that the sale made by said Blood, as administrator of the estate of his son, Silas Blood, jr. under a license, was void, because the estate was, in effect, purchased for himself; and *secondly*, that the sale by him to Johnson was merely colorable.

The tenant gave in evidence, and relied on, a deed of war-ranty from Silas Blood, sen. dated November 3d 1826, con-veying to the tenant, in consideration of $2000, the demanded premises, together with about thirty three acres of other land, and witnessed by Edmund Page and Jonathan Woodward, jr.

To sustain the first of their grounds of claim, above stated, the demandants introduced evidence; and the tenant intro-duced counter evidence. The whole evidence on this point was submitted to the jury, with instructions, to which the demandants did not except.

To sustain their second ground of claim, the demandants called Edmund Page as a witness, who testified that he wrote and witnessed the aforesaid deed of November 3d 1826; that said Blood requested him to write it, and said that he was going to give Rideout (the tenant) the farm, or

let him have it, as Rideout was about to marry his daughter; that the witness asked Blood what consideration should be inserted in the deed, and Blood said it did not make any great difference whether it was $1500 or $2000, and the witness inserted $2000; that the witness asked Blood who was to pay the mortgage which the Groton Fund had on the farm, and Blood told him to make the deed free and clear of all incumbrances; that "no money was paid or spoken about at the time; nor any thing of value, except a life lease;" that when Blood called on the witness to write the deed, he said he wished him to write a deed and a life lease; that the witness afterwards wrote a life lease from the tenant (Rideout) of the same land described in said deed, to said Blood and his wife, and gave it the same date as that of the deed, viz. November 3d 1826.

The tenant then introduced (among other evidence) the following note: "Dunstable, November 28th 1826. For value received, I promise to pay Silas Blood, or order, the sum of seven hundred dollars, within seven years, to be paid one hundred dollars yearly, without interest.

Attest: Eben. S. Burge. . David Rideout."

On the back of this note were indorsements of seven yearly payments, according to its tenor.

The deposition of said Burge was then introduced, in which he deposed as is hereinafter stated in the opinion of the court.

The demandants objected to this testimony, as hearsay, but the judge admitted it to be read to the jury.

The demandants, in order to show that there was an agreement between Blood and Rideout, that Rideout should pay Blood the sum of seven hundred dollars, in full satisfaction for said Blood's life estate in the land thus conveyed, and that said note was given for that purpose only, and not for the purchase of the fee in the reversion, offered to give evidence to show, in connexion with other evidence in the case, the value of the real estate, conveyed by Blood to Rideout, in 1826, when it was conveyed. The professed object of

the proof, thus offered, was that which is hereafter stated in the opinion of the court. The judge refused to admit the evidence.

A verdict was returned for the tenant, on the second point in the case, to wit, that the tenant purchased the estate for a valuable consideration, without notice of the supposed fraud in the administrator's sale. New trial to be granted, if either of the foregoing rulings was wrong; otherwise, judgment to be rendered upon the verdict.

*B. Russell*, for the demandants.

*Farley & Wentworth*, for the tenant.

SHAW, C. J. At the time when the preceding case of *Blood & wife* v. *Hayman*, (*ante*, 231,) was decided, the present case was pending, brought by the plaintiffs against another defendant, David Rideout, to recover another parcel of the same estate. This case proceeded on the same ground as the other, to wit, that the sale made by Silas Blood, sen. under license as administrator, was void, and that his deed to Johnson was merely colorable.

Two grounds of defence were taken by the tenant. 1st. That the purchase made by Johnson was a real and actual sale to him, and not colorably made for the account of the administrator. 2d. That the tenant was a purchaser for a valuable consideration, and without notice of the alleged fraud, or other defect in the title of Silas Blood, sen.

On the first ground, the evidence was left to the jury, with directions not objected to.

Upon the second ground, it appeared that the estate in question, claimed by the demandants as having been their father's, so sold under a license to pay his debts, was a reversion expectant upon the decease of his father, Silas Blood, sen. the administrator. When, therefore, Silas Blood, sen. took a conveyance from Johnson of this reversion, being himself tenant for life, the two estates merged, and he became tenant in fee; supposing the conveyance to him of such reversion was valid. Subsequently, he transferred this estate, as an estate in fee, to the tenant, David Rideout, (who married his

daughter,) together with some other estate, by a deed purport-ing to be made on a valuable consideration, and took back a lease of certain rights to himself and wife, for life.

Some evidence having been offered, tending to show that when the deed was made, no money was paid, and generally to show that no pecuniary consideration was paid by the ten-ant for the land, the tenant offered evidence tending to con-trol and rebut the foregoing, and for that purpose gave in evi-dence a note from himself to said Blood, sen. for $700, bearing date a few weeks later than that of the deed, and purporting to be attested by Ebenezer S. Burge. Burge's deposition was offered, to prove that he was called into Blood's house to attest the note; that Rideout was there, and acknowledged the note to have been signed by him, and that the witness, at the request of Blood, and in the presence of Rideout, attested it. He further testified, that he understood from conversation, at the time, between Blood and Rideout, that the note was given "on account of a mortgage, and to pay up Blood's debts; and that when Rideout had paid this note, he was to have the farm where he now lives." This testimony was ob-jected to as hearsay, but was admitted as *res gesta*.

The court are of opinion that this evidence was rightly ad-mitted. The occasion was the one at which the note was completed as the parties intended to have it, and the declara-tions of the parties, made at the time, showing the purpose for which it was given, qualified the act of executing and delivering the note.

The demandants, in order to show that there was an agree-ment between Blood and Rideout, that Rideout should pay the sum of $700 for said Blood's life estate in the land thus conveyed, and that said note was given for that purpose only, and not for the purchase of the fee of the estate, including the original reversion held by Silas Blood, jr. offered evidence of the value of the whole real estate, thus conveyed by Blood to Rideout, in 1826, at the time of that conveyance. The object of this proof, as stated by the demandants' counsel, was to show, by inference, that the $700 was paid by Rideout to

Blood, for the purchase of his life estate, newly created by the lease given to him by Rideout, bearing even date with the conveyance from himself to Rideout, and so lead the jury to infer, that the original estate, in which Silas Blood, jr. had formerly a reversion, was conveyed without consideration But the judge who tried the cause was of opinion, that the evidence of the value of the whole estate was immaterial and inadmissible, on several grounds.

The deed purported to convey an entire estate, consisting of the estate in question, and other real estate, for one entire pecuniary consideration. And further; *prima facie* the estate, of which Blood, sen. originally had a life estate, and Blood, jr. a reversion, had become, by merger, an absolute estate in fee, in Blood, sen. ; and, for this or other cause, no distinction was made, between such original life estate and reversion, by the parties, in their deed. And the life estate then held by Blood, sen. under the lease from Rideout, was wholly distinct from the former life estate held by himself, which had the reversion. Under these circumstances, the value of the whole estate had no tendency to show, that the grant of that part of the estate, of which the demandants' father once had a reversion, by Blood, sen. to Rideout, was gratuitous, and without pecuniary consideration. This being the only purpose for which the evidence was offered, it was rejected.

If any evidence of this kind was admissible to control the terms and legal effect of the deed, we are of opinion, that the evidence of the estimated value of the land, at the time of the conveyance, was too remote and uncertain to warrant the jury in drawing the inference, that the consideration was partly gratuitous and partly pecuniary, and that the gift applied to that part of the estate which was claimed by the demandants, and the pecuniary payment was applicable exclusively to the other part of the estate. It had no tendency, either by itself or with other evidence, to lead to such a conclusion, and therefore the evidence was immaterial, and rightly rejected.

*Judgment on the verdict for the tenant.*